IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAINZE DÍAZ ARROYO | CRIM. NO. 14-98 (FAB) |

### ORDER

On August 22, 2023, the U.S. Probation Office ("USPO") filed a supplemental motion notifying the Court of Defendant's violations of his conditions of supervised release. Docket No. 93.[1] The USPO alleged that Defendant was arrested and that a firearm, two magazines, and ammunition were seized from his vehicle. Id. The USPO further alleged that Defendant violated the following conditions of supervised release: Mandatory Condition: "You must not commit another federal, state or local crime." and Standard Condition No. 9: "You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon." Id.

The preliminary revocation hearing was held on September 26, 2023. The Government called United States Marshal Antonio Torres and Homeland Security Investigations ("HSI") Agent Sarah Dagon. The Government introduced documentary evidence; Exhibits 1-4.

Pursuant to Rule 32.1(b)(1) of the Federal Rules of Criminal Procedure, "[i]f a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred.". Fed.R.Crim.P. 32.1(b)(1)(A). The concept of probable cause is narrow in scope. "[P]robable cause may be found where there is a 'fair probability,' based on the totality of the circumstances, that a defendant committed the offense charged." United States v. Balestier-Sanches, 2014 WL 993551 * 1 (D.R.I. Mar. 13, 2014) (citing United States v. Mims, 812 F.2d 1068, 1072 (8th Cir.1987)). See also United States v. Gómez, 716 F.3d 1, 9 (1st Cir. 2013)). Except for the rules on privilege, the Federal Rules of Evidence are not applicable at preliminary hearings or in revocation proceedings. Fed.R. Evid. 1101(d)(3). A finding of probable cause may be based, in whole or in part, on hearsay evidence. See Morrissey v. Brewer, 408 U.S. 471, 487 (1972); United States v. Rondeau, 430 F.3d 44, 47–48 (1st Cir. 2005).

---

[1] The USPO had previously filed a motion notifying the Court of Defendant's violations of his conditions of supervised release. Docket No. 77. The Court held a preliminary revocation hearing as to those allegations and found probable cause. Docket No. 89. The matter was referred to the presiding District Judge for final revocation proceedings. Id. Before the Court could hold the final revocation hearing, the USPO filed the instant supplemental motion. Docket No. 93. The matter was referred to the undersigned for a preliminary hearing. Docket No. 103.

1

USM Torres testified that he participated in the arrest of the Defendant on July 10, 2023.[2] That, after Defendant's arrest, he told the agents that a Jeep parked in the property was his. He also told the agents where to find the keys to the Jeep.

Agent Dagon testified that she was present in the perimeter of the property the day of the arrest. That, once the Defendant was placed under arrest, she approached the property and was asked to accompany another agent to recover the keys to the Jeep. Agent Dagon further testified that she entered the property and went to the bedroom. The keys were found on top of a dresser. On top of the dresser, Agent Dagon also saw a pendant that she identified as something that she knew from her investigation belonged to the Defendant. She testified to have seen the Defendant on social media wearing that pendant. Only two persons were in the property prior to the arrest: Defendant and his partner. Only two cars were found parked in front of the property.

Defendant did not consent to the search of the Jeep. But canines at the property marked on the Jeep for the presence of explosives or firearms. The Jeep was sealed and towed to HSI, and a search warrant followed. A firearm (modified to release multiple rounds with one single function of the trigger), magazines, and rounds of ammunition were seized. Men's clothing and shoes were also found in the Jeep. Although Agent Dagon testified that the firearm contained a chip which modified the firearm to serve as a machine gun and the Government introduced a photograph which substantiated that testimony (Government Exhibit 3), there was insufficient evidence to establish a fair probability that the Defendant knew that the firearm had the characteristics of a machine gun.[3]

On September 9, 2015, Defendant was sentenced to forty-eight (48) months of imprisonment for violations of 18 U.S.C. §§ 922(g) and 924(a)(2). Amended Judgment at Docket No. 41. Defendant has thus been convicted of a crime punishable by imprisonment for a term exceeding one year. There is fair probability that Defendant was in knowing constructive possession of a firearm and ammunition as these were seized from the Jeep. The Court finds that there is probable cause that Defendant violated the Mandatory Condition (see 18 U.S.C. § 922(g)(1)) and Standard Condition No. 9, as alleged by the USPO at Docket No. 93. The case is referred to the presiding District Judge for final revocation proceedings.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 27th of September 2023.

                          s/Giselle López-Soler
                          GISELLE LÓPEZ-SOLER
                          United States Magistrate Judge

---

[2] The motion at Docket No. 93 wrongfully asserts that the Defendant was arrested on August 3, 2023. See Docket No. 93 at p. 2. See that Initial Appearance was held on July 11, 2023. Docket No. 84.

[3] 18 U.S.C. § 922(o) requires that a defendant have knowledge of the characteristics that bring a gun within the statutory definition of a machine gun under federal law. U.S. v. Nieves-Cataño, 480 F3d 597, 599-602 (1st Cir. 2007); U.S. v. Tanco-Baez, 942 F.3d 7, 26 (1st Cir. 2019); U.S. v. Torres Pérez, 922 4th 28, 33 (1st Cir. 2022) (element may be satisfied with evidence that the characteristics were "visible and obvious" to the defendant and there was evidence that the defendant in that case had the firearm in his waistband before throwing it into the truck).